UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

R&R GAMES, INC., a Florida corporation,
      Plaintiff,

vs.

                                      **CASE NO. 8:12-CV-01957 JDW-TBM**

FUNDEX GAMES, LTD. an Indiana
corporation; CARL E. VOIGT, III, an
individual; CARL E. VOIGT, IV, an
individual; SMART TOYS AND GAMES,
INC. d/b/a Smart Tangoes, a Delaware
corporation; SMART N.V. d/b/a Smart d/b/a
Smart Games, a Belgium company; ROLF
VANDOREN, an individual; JAMES B.
WHITNEY, an individual; CALIFORNIA
GUEST SERVICES, INC. d/b/a The California
Parks Company d/b/a/
ExploreandMoreStore.com, a California
corporation; PUZZLETOYSTORE.COM, an
unknown entity; RAPIER DISTRIBUTION,
INC., a Delaware corporation; DAVID A.
CHAMBERLAIN, an individual; and
BOARDGAMES 4 US, Inc. a Canadian
company
      Defendants.

                                        **SECOND AMENDED COMPLAINT**

_____/

## SECOND AMENDED COMPLAINT

      Plaintiff, R & R GAMES, INC., a Florida corporation, hereby sues FUNDEX GAMES, LTD.

an Indiana corporation; CARL E. VOIGT, III, an individual; CARL E. VOIGT, IV, an individual;

SMART TOYS AND GAMES, INC. d/b/a Smart Tangoes, a Delaware corporation; SMART N.V.

d/b/a Smart d/b/a Smart Games, a Belgium company; ROLF VANDOREN, an individual; JAMES

B. WHITNEY, an individual; CALIFORNIA GUEST SERVICES, INC. d/b/a The California Parks

Company d/b/a/ ExploreandMoreStore.com, a California corporation; PUZZLETOYSTORE.COM,

an unknown entity; RAPIER DISTRIBUTION, INC., a Delaware corporation; DAVID A.

CHAMBERLAIN, an individual; and BOARDGAMES 4 US, Inc. a Canadian company, alleging

as follows:

## PARTIES AND PARTICIPANTS

1.      Plaintiff, R & R GAMES, INC. (hereinafter "R & R GAMES"),  is a Florida

corporation having its principal place of business in Tampa, Florida.

2.      Defendant, FUNDEX GAMES, LTD. (herein "FUNDEX") is an Indiana corporation

with its principal place of business in Indianapolis, IN.

3.      Defendant, CARL E. VOIGT, III, (herein VOIGT III) is an individual residing in

Plainfield Indiana.

4.      VOIGT III is an officer or director of FUNDEX. Upon information and belief,

VOIGT III  actively participates in, controls, and benefits from the business of FUNDEX. Upon

information and belief, VOIGT III directed, actively participated in, controlled and benefitted from

the conduct of FUNDEX as alleged in this complaint. In addition, VOIGT III's conduct was in

furtherance of FUNDEX's goals, inured to the benefit of FUNDEX, and was within the course and

scope of VOIGT III's employment or agency relationship with FUNDEX. Upon information and

belief, VOIGT III induced and directed FUNDEX to engage in the acts as alleged in the complaint

regarding trademark infringement. Further upon information and belief, VOIGT III contributed to

the trademark infringement by FUNDEX.

5. Defendant, CARL E. VOIGT, IV, (herein VOIGT IV) is an individual residing in

Plainfield, Indiana.

2

6.      VOIGT IV is an officer or director of FUNDEX. Upon information and belief, VOIGT IV actively participates in, controls, and benefits from the business of FUNDEX. Upon information and belief, VOIGT IV directed, actively participated in, controlled and benefitted from the conduct of FUNDEX as alleged in this Complaint. In addition, VOIGT IV's conduct was in furtherance of FUNDEX's goals, inured to the benefit of FUNDEX, and was within the course and scope of VOIGT IV's employment or agency relationship with FUNDEX. Upon information and belief, VOIGT IV induced and directed FUNDEX to engage in the acts as alleged in the complaint regarding trademark infringement. Further upon information and belief, VOIGT IV contributed to the trademark infringement by FUNDEX.

7.      Defendant, SMART TOYS AND GAMES, Inc. d/b/a Smart Tangoes, (herein "SMART TANGOES") is a Delaware corporation with its principal place of business in San Francisco, California.  SMART TANGOES is a wholly owned subsidiary of co-defendant, SMART N.V.

8.      Defendant, ROLF VANDOREN, (herein VANDOREN), is an individual residing in Belgium.

9.      Upon information and belief, VANDOREN is an officer or director of SMART TANGOES. Upon information and belief, VANDOREN actively participates in, controls, and benefits from the business of SMART TANGOES. Upon information and belief, VANDOREN directed, actively participated in, controlled and benefitted from the conduct of SMART TANGOES as alleged in this complaint. In addition, VANDOREN's conduct was in furtherance of SMART TANGOES's goals, inured to the benefit of SMART TANGOES, and was within the course and scope of VANDOREN's employment or agency relationship with SMART TANGOES. Upon

3

information and belief, VANDOREN induced and directed SMART TANGOES to engage in the acts as alleged in the complaint regarding trademark infringement.  Further upon information and belief, VANDOREN contributed to the trademark infringement by SMART TANGOES.

10.     Defendant JAMES B. WHITNEY, (herein WHITNEY), is an individual and upon information and belief resides in California.

11.     Upon information and belief, WHITNEY is an officer or director of SMART TANGOES. Upon information and belief, WHITNEY actively participates in, controls, and benefits from the business of SMART TANGOES. Upon information and belief, WHITNEY directed, actively participated in, controlled and benefitted from the conduct of SMART TANGOES as alleged in this complaint. In addition, WHITNEY's conduct was in furtherance of SMART TANGOES's goals, inured to the benefit of SMART TANGOES, and was within the course and scope of WHITNEY's employment or agency relationship with SMART TANGOES. Upon information and belief, WHITNEY induced and directed SMART TANGOES to engage in the acts as alleged in the complaint regarding trademark infringement.  Further upon information and belief, WHITNEY contributed to the trademark infringement by SMART TANGOES.

12.     Defendant, SMART N.V. d/b/a Smart d/b/a Smart Games (herein "SMART GAMES"), is a Belgium company with its principal place of business in Belgium.

13.     Upon information and belief, VANDOREN is an officer, director or manager of SMART GAMES. Upon information and belief, VANDOREN actively participates in, controls, and benefits from the business of SMART GAMES. Upon information and belief, VANDOREN directed, actively participated in, controlled and benefitted from the conduct of SMART GAMES as alleged in this complaint. In addition, VANDOREN's conduct was in furtherance of SMART

4

GAMES' goals, inured to the benefit of SMART GAMES, and was within the course and scope of VANDOREN's employment or agency relationship with SMART GAMES. Upon information and belief, VANDOREN induced and directed SMART GAMES to engage in the acts as alleged in the complaint regarding trademark infringement.  Further upon information and belief, VANDOREN contributed to the trademark infringement by SMART GAMES.

14.    KONINKLIJKE JUMBO B.V. (herein "JUMBO"), is a Netherlands company with its principal place of business in the Netherlands.

15.    Defendant, CALIFORNIA GUEST SERVICES, INC. d/b/a  The California Parks Company d/b/a ExploreandMoreStore.com (herein "CGS"), is a California company with its principal place of business in California.

16.    S J PUBLISHING, INC. d/b/a SJ Publishing d/b/a TekNurds.com (herein "SJ PUBLISHING"), is an Arkansas company with its principal place of business in Arkansas.

17.    SEARS  ROEBUCK AND CO. (herein "SEARS"), is an Illinois company with its principal place of business in Illinois.

18.    KMART CORP OF ILLINOIS, INC. (herein "KMART"), is an Illinois company with its principal place of business in Illinois.

19.    Defendant, PUZZLETOYSTORE.COM (herein "PUZZLETOYSTORE"), is an unknown foreign entity with a principal place of business in Yogyakarta, Indonesia.

20.    RUSSELL A. FARROW (U.S.) INC. (herein "FARROW"), is a Michigan corporation with its principal place of business in Michigan.

21.    Defendant RAPIER DISTRIBUTION, INC., (herein RAPIER) is a Delaware corporation with a principal place of business in Lexington Kentucky;

22.     Defendant DAVID A. CHAMBERLAIN, (herein CHAMBERLAIN) is an individual, who upon information and belief resides in Calgary Canada.

23. Upon information and belief, CHAMBERLAIN is an officer or director of RAPIER and BoardGames4us.com and BOARDGAMES 4 US, Inc. (herein BG4US). Upon information and belief, CHAMBERLAIN actively participates in, controls, and benefits from the business of RAPIER and BoardGames4us.com and BG4US. Upon information and belief, CHAMBERLAIN directed, actively participated in, controlled and benefitted from the conduct of RAPIER and BoardGames4us.com and BG4US as alleged in this complaint. In addition, CHAMBERLAIN's conduct was in furtherance of RAPIER's and BoardGames4us.com's and BG4US' goals, inured to the benefit of RAPIER and BoardGames4us.com and BG4US, and was within the course and scope of CHAMBERLAIN's employment or agency relationship with RAPIER and BoardGames4us.com and BG4US. Upon information and belief, CHAMBERLAIN induced and directed RAPIER and BoardGames4us.com and BG4US to engage in the acts as alleged in the complaint regarding trademark infringement. Further upon information and belief, CHAMBERLAIN contributed to the trademark infringement by RAPIER and BoardGames4us.com and BG4US.

24.     Defendant BOARDGAMES 4 US, Inc. (herein BG4US) is a Canadian company, with a principal place of business in Alberta Canada.

25.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the individual Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining corporate Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct

6

alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## JURISDICTION AND VENUE

26.    This action arises under Section 32 of the Lanham Act (the Federal Trademark Act) (15 U.S.C. §1114).

27.    This Court has subject matter jurisdiction over this claim pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

28.    Personal jurisdiction exists over each named Defendant because they solicit business from consumers in Florida, engage in interstate commerce in the United States and more particularly in the State of Florida, conduct business in Florida and have sold and continue to sell product in Florida, which sales constitute trademark infringement of R&R GAMES' federally registered mark.

29.    Venue is proper in the Unites States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391, because Plaintiff R&R GAMES has an office in Tampa, a substantial part of the events giving rise to the claims occurred in the State of Florida, R&R GAMES has suffered damages in Florida and the Defendants solicit business from consumers in the State of Florida.

## FACTS

30.    Plaintiff, R&R GAMES creates, manufactures, sells and distributes games for adults and children.  To date, R&R GAMES has created, manufactured and sold over 30 original games, not including game expansions, versions and revisions, and models of each.

7

31.     One of R&R GAMES' most successful games is the award winning HIDE & SEEK SAFARI game.

32.     On November 15, 2005, R&R GAMES federally registered the HIDE & SEEK SAFARI  mark in the United States Patent and Trademark Office ("USPTO") as Registration No. 3,015,702. See **EXHIBIT A**, attached, herein the "HIDE & SEEK SAFARI Mark." R&R GAMES is the owner of record of the federally registered HIDE & SEEK SAFARI Mark and all the good will associated with the Mark.  Two examples of R&R GAMES' use of the Mark is shown in EXHIBIT B to the Amended Complaint, D.E. 19-2.

33.     The federally registered HIDE & SEEK SAFARI Mark has been continuously used by R&R GAMES since December 20, 2004.  Since that time, the HIDE & SEEK SAFARI Mark and R&R GAMES' reputation have grown throughout the U.S. in the game industry and is now well known throughout the United States.

34.     On March 27, 2011, the USPTO issued a Notice of Acceptance and Acknowledgment regarding R&R GAMES' filing of its Sections 8 and 15 Affidavit under the Trademark Act, 15 U.S.C. §1058 and 1065, for the HIDE & SEEK SAFARI Mark. The Federally Registered HIDE & SEEK SAFARI Mark is now incontestable.

35.     Over the years, R&R GAMES has spent considerable time, effort, energy and resources to establish the HIDE & SEEK SAFARI GAME and Mark in the minds of businesses and customers as a high quality game.  Businesses and customers recognize the HIDE & SEEK SAFARI Mark as being unique and distinctive.

36.     Every year, R&R GAMES promotes its games, including the HIDE & SEEK SAFARI game, at numerous trade shows, including the International Toy Fair trade show in New York City.

8

37.     Upon information and belief, Defendants sold, and now sell and offer to sell infringing games throughout the United States under the marks SAFARI HIDE & SEEK and/or HIDE & SEEK SAFARI.  Upon information and belief, Defendants advertise infringing games throughout the United States under the marks SAFARI HIDE & SEEK and/or HIDE & SEEK SAFARI.  Persons throughout the United States and in Florida can buy the infringing SAFARI HIDE & SEEK and/or HIDE & SEEK SAFARI games (sometimes referred to herein as the "Accused Products") via interactive websites.

38.     In 2008, R&R GAMES discovered that online line store operated by HIGHLIGHTS FOR CHILDREN (namely Highlights.com) was selling a child's toy called SAFARI HIDE & SEEK. On June 9, 2008, R&R GAMES, through counsel, sent a cease and desist letter to  HIGHLIGHTS FOR CHILDREN demanding that it stop selling the Accused Product (SAFARI HIDE & SEEK). Shortly thereafter, HIGHLIGHTS agreed to stop selling the Accused Product. Upon information and belief this infringing product was created, distributed and/or sold by one or a group of the Defendants to HIGHLIGHTS . Upon information and belief, HIGHLIGHTS notified one or a group of the Defendants regarding the cease and desist letter.

39.     In 2011, R&R GAMES discovered that some of the Defendants, including FUNDEX and SMART GAMES were selling infringing games under the SAFARI HIDE & SEEK and/or HIDE & SEEK SAFARI marks. (See First Amended Complaint Exh. C, D.E. 19-3 (herein "Amd'd Complt. Exh. xx")).

40.     In March 2011, R&R GAMES sent a cease and desist letter to FUNDEX regarding said infringement. (Exh. C, D.E. 19-3).

41.     On March 23, 2011, counsel for FUNDEX provided a response, wherein <u>FUNDEX</u>
<u>agreed to cease using</u> and distributing games using the infringing mark.  (Amd'd Complt. Exh. D,
D.E. 19-4).  Upon information and belief, FUNDEX forwarded the cease and desist letter to SMART
GAMES, SMART TANGOES and/or JUMBO, or otherwise notified those co-defendants of R&R
GAMES' trademark rights.  Upon information and belief, individual defendants VOIGT III and/or
VOIGT IV of FUNDEX, and VANDOREN and/or WHITNEY of SMART TANGOES, and
VANDOREN of SMART GAMES  knew of R&R GAMES' trademark rights on or about that time.

42.     In June 2011, R&R GAMES also sent a takedown letter to YouTube.com regarding
infringing promotional videos entitled "Smart Games Hide & Seek Safari Brainteaser Game."
(Amd'd Complt. Exh. E, D.E. 19-5). SMART GAMES is a co-defendant herein.  R&R GAMES
demanded that the Accused Products not be sold or promoted in the U.S.  The infringing promotional
video was created and or sponsored by JUMBO.  Upon information and belief, SMART GAMES
and VANDOREN participated in and/or sponsored the YouTube JUMBO promotional video.

43.     Upon information and belief, YouTube sent the R&R GAMES cease and desist -
takedown letter and infringement notice to JUMBO and forwarded the cease and desist takedown
letter to JUMBO.  Upon information and belief, JUMBO forwarded the cease and desist takedown
letter to SMART GAMES and/or SMART TANGOES, WHITNEY, and VANDOREN or otherwise
notified those co-defendants of R&R GAMES' trademark rights.  Upon information and belief,
individual defendants VANDOREN and/or WHITNEY of SMART TANGOES, and VANDOREN
of SMART GAMES  knew of R&R GAMES' trademark rights on or about that time.

44.     Despite this knowledge of R&R GAMES' rights to its federally registered HIDE &
SEEK SAFARI Mark, Defendants continued to manufacture, promote, distribute and sell infringing

games notwithstanding FUNDEX's explicit response that it would cease all use and notwithstanding the infringement notices given to SMART GAMES, SMART TANGOES  and JUMBO and individual defendants VOIGT III, VOIGT IV, VANDOREN and WHITNEY.

45.     At the 2012 International Toy Fair in New York, Defendants SMART GAMES and/or SMART TANGOES were unabashedly promoting their infringing SAFARI HIDE & SEEK game.

46.     Defendants have sold, offered to sell, and continue to sell and offer to sell games under the marks SAFARI HIDE & SEEK and/or HIDE & SEEK SAFARI to customers in the State of Florida.

47.     R&R GAMES purchased infringing goods through the Amazon.com online marketplace, sold by or under the direction or authorization of Defendant FUNDEX, in Tampa Florida on August 14, 2012 (See Amd'd Complt. Exh. F, D.E. 19-6) and also through the assistance of an independent investigator purchased infringing goods through the Amazon.com online marketplace, sold by or under the direction or authorization of Defendant FUNDEX, in Fort Lauderdale Florida on August 1, 2012. (See Amd'd Complt. Exh. G, D.E. 19-7).

48.     R&R GAMES purchased infringing goods through the Amazon.com online marketplace, sold by or under the direction or authorization of Defendant SMART TANGOES, in Tampa Florida on August 14, 2012 (See Amd'd Complt. Exh. H, D.E. 19-8) and also through the assistance of an independent investigator purchased infringing goods through the Amazon.com online marketplace, sold by or under the direction or authorization of Defendant SMART TANGOES, in Fort Lauderdale Florida on August 1, 2012. (See Amd'd Complt. Exh. I, D.E. 19-9)

49.     R&R GAMES purchased infringing goods through the Amazon.com online marketplace, sold by or under the direction or authorization of Defendant SMART GAMES, in

Tampa Florida on August 14, 2012 (See Amd'd Complt. Exh. J, D.E. 19-10) and also through the assistance of an independent investigator purchased infringing goods through the Amazon.com online marketplace, sold by or under the direction or authorization of Defendant SMART GAMES, in Fort Lauderdale Florida on August 1, 2012. (See Amd'd Complt. Exh. K, D.E. 19-11).

50.     R&R GAMES attempted to purchase infringing goods through the Amazon.com online marketplace, sold by or under the direction or authorization of JUMBO, in Tampa Florida on August 14, 2012 (See Amd'd Complt. Exh. L, D.E. 19-12) and did purchase, with the assistance of an independent investigator, infringing goods through the Amazon.com online marketplace, sold by or under the direction or authorization of JUMBO, in Fort Lauderdale Florida on August 1, 2012. (See Amd'd Complt. Exh. M, D.E. 19-13).

51.     R&R GAMES purchased infringing goods, sold by or under the direction or authorization of Defendant CGS, in Tampa Florida on August 14, 2012 (See Amd'd Complt. Exh. N, D.E. 19-14) and also through the assistance of an independent investigator purchased infringing goods, sold by or under the direction or authorization of Defendant CGS, in Fort Lauderdale Florida on August 1, 2012. (See Amd'd Complt. Exh. O, D.E. 19-15).

52.     R&R GAMES purchased infringing goods, sold by or under the direction or authorization of SJ PUBLISHING, in Tampa Florida on August 14, 2012 (See Amd'd Complt. Exh. P, D.E. 19-16) and also through the assistance of an independent investigator attempted to purchase infringing goods, sold by or under the direction or authorization of SJ PUBLISHING, in Fort Lauderdale Florida on August 1, 2012. (See Amd'd Complt. Exh. Q, D.E. 19-17).

53.     R&R GAMES purchased infringing goods, sold by or under the direction or authorization of SEARS, in Tampa Florida on August 14, 2012 (See Amd'd Complt. Exh. R, D.E.

19-18) and also through the assistance of an independent investigator purchased infringing goods, sold by or under the direction or authorization of SEARS, in Fort Lauderdale Florida on August 1, 2012. (See Amd'd Complt. Exh. S, D.E. 19-19).

54.     R&R GAMES purchased infringing goods, sold by or under the direction or authorization of KMART, in Tampa Florida on August 14, 2012 (See Amd'd Complt. Exh. T, D.E. 19-20) and also through the assistance of an independent investigator purchased infringing goods, sold by or under the direction or authorization of KMART, in Fort Lauderdale Florida on August 1, 2012. (See Amd'd Complt. Exh. U, D.E. 19-21).

55.     R&R GAMES purchased infringing goods, sold by or under the direction or authorization of Defendant PUZZLETOYSTORE, in Tampa Florida on August 14, 2012 (See Amd'd Complt. Exh. V, D.E. 19-22) and also through the assistance of an independent investigator attempted to purchase infringing goods, sold by or under the direction or authorization of Defendant PUZZLETOYSTORE, in Fort Lauderdale Florida on August 1, 2012. (See Amd'd Complt. Exh. W, D.E. 19-23).

56.     R&R GAMES purchased infringing goods, sold by or under the direction or authorization of FARROW, , in Tampa Florida on August 14, 2012 (See Amd'd Complt. Exh. X, D.E. 19-24) and also through the assistance of an independent investigator purchased infringing goods, sold by or under the direction or authorization of FARROW, in Fort Lauderdale Florida on August 1, 2012. (See Amd'd Complt. Exh. Y, D.E. 19-25).

57.     RAPIER and/or BG4US (a/k/a BOARDGAMES 4 US, Inc.) responded to one or more of these purchases described above, shipped infringing products and fulfilled the orders to purchase the infringing goods.

58.     The use by Defendants of the SAFARI HIDE & SEEK mark and/or HIDE & SEEK SAFARI mark on their games is likely to cause confusion or mistake or deception on the part of purchasers and consumers as to the source or origin of its games.  Consumers are likely to confuse the sponsorship or association of the SAFARI HIDE & SEEK Mark with the Accused Products labeled or marketed as SAFARI HIDE & SEEK and/or HIDE & SEEK SAFARI.  The infringement of R&R GAMES' trademark rights by Defendants involved the unauthorized offer to sell and sales of Accused Products in interstate commerce in the United States and in the State of Florida.

59.     Upon information and belief, the use by Defendants of the SAFARI HIDE & SEEK mark and/or the HIDE & SEEK SAFARI mark on or in connection with their games has caused confusion, mistake, and deception of purchasers and consumers as to the source or origin or sponsorship of its games.

60.     Purchasers are likely to purchase Defendants' goods bearing the SAFARI HIDE & SEEK mark and/or the HIDE & SEEK SAFARI mark believing such goods are R&R GAMES' goods, thereby resulting in damages and loss of sales to R&R GAMES.

61.     R&R GAMES has no control over the quality of the goods sold by Defendants, and because of the confusion as to the source engendered by Defendants, R&R GAMES' valuable goodwill with respect to its federally registered incontestable mark is at the mercy of Defendants.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

62.     R&R GAMES repeats each and every allegation set forth in paragraphs 1 through 61 above as if fully set forth herein.

63.     Defendants' mark, SAFARI HIDE & SEEK, is virtually identical to R&R GAMES' federally registered incontestable mark, HIDE & SEEK SAFARI. Defendants merely put the word SAFARI at the beginning of the mark rather than at the end.

64.     Defendants SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, BG4US, CGS and PuzzleToyStore.com directly infringe R&R GAMES' trademark rights by selling, distributing and advertising Accused Products.

65.     In some instances these Defendants use the identical HIDE & SEEK SAFARI mark in connection with the sale and promotion of the infringing goods.  (See Exh. F, J, I, G, H, U and W; see generally D.E. 19-6 through D.E. 19-23).

66.     The designation SAFARI HIDE & SEEK and HIDE & SEEK SAFARI by these Defendants is confusingly similar to R&R GAMES' federally registered incontestable mark, HIDE & SEEK SAFARI.

67.     Defendants' goods (namely, games) are identical to R&R GAMES' goods.  Potential buyers of the product offered by both parties are the same.  As shown in many of the exhibits, (e.g. EXHIBITS F, G, T, and U; D.E. 19-6, 7, 20 and 21), retailers suggest genuine R&R GAMES' HIDE & SEEK SAFARI on the same product page as Defendants' infringing goods.

68.     Defendants, SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, BG4US, CGS and PuzzleToyStore.com, use of SAFARI HIDE & SEEK and/or  HIDE & SEEK SAFARI is an infringement of R&R GAMES' federally registered trademark and is a violation of 15 U.S.C. §1114.

69.     Furthermore, upon information and belief, Defendants, SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, and BG4US, supply KMART, SEARS, JUMBO and/or SJ Publishing with infringing goods, thereby causing additional damage to R&R GAMES.

70.     These Defendants' infringement of the HIDE & SEEK SAFARI mark is willful in light the prior cease and desist letters, acknowledged by these Defendants, and continued use of SAFARI HIDE & SEEK and HIDE & SEEK SAFARI.  Defendant FUNDEX actually agreed to stop use of the mark on the Accused Products (EXH. D, D.E. 19-4) but continued to sell and promote the infringing game.

71.     Upon information and belief, Defendants, SMART GAMES, SMART TANGOES, FUNDEX, RAPIER and BG4US, PuzzleToyStore.com and their principals, VOIGT III, VOIGT IV, VANDOREN, WHITNEY and CHAMBERLAIN conspired together to initiate a coordinated marketplace penetration of the infringing game bearing the confusingly similar name(s) in an effort to trade off the good will and reputation of the HIDE & SEEK SAFARI Mark owned by R&R GAMES.  Upon information and belief, Defendants SMART GAMES, SMART TANGOES, FUNDEX, RAPIER and BG4US, PuzzleToyStore.com knew about R&R GAMES' HIDE & SEEK SAFARI Mark and willfully and deliberately engaged in a wide ranging campaign to advertise, promote and sell their product (which is cheaper than the genuine HIDE & SEEK SAFARI game) and further to flood the market with confusingly similar product, all to the detriment of R&R GAMES.

72.     Defendants, SMART GAMES, SMART TANGOES, FUNDEX, RAPIER and BG4US, PuzzleToyStore.com, use of SAFARI HIDE & SEEK and/or HIDE & SEEK SAFARI has caused substantial and irreparable harm to R&R Games and to the public.

16

73.   Defendants, SMART GAMES, SMART TANGOES, FUNDEX, RAPIER and BG4US, PuzzleToyStore.com, trademark infringement will continue unless permanently enjoined by this Court.

74.   Plaintiff is informed and believes and thereon alleges that Defendants, SMART GAMES, SMART TANGOES, FUNDEX, RAPIER and BG4US, PuzzleToyStore.com, and each of them, infringed Plaintiff's trademark by creating, making and/or developing directly infringing games and by producing, distributing and/or selling the infringing games through a nationwide network of retail stores, catalogues, and on-line websites.

75.   Due to these Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

76.   R&R GAMES has no adequate remedy at law.

**COUNT II: INDUCEMENT OF TRADEMARK INFRINGEMENT**

77.   R&R GAMES repeats each and every allegation set forth in paragraphs 1 through 61 above as if fully set forth herein, and incorporates by reference herein the allegations of direct infringement alleged in paragraphs 63 through 76 above.

78.   Upon information and belief, Defendants SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, and BG4US induced the infringement of R&R GAMES' trademark rights by selling and/or distributing and/or approving advertisements of Accused Products by Defendants SMART TANGOES, FUNDEX, RAPIER, BG4US, CGS and PuzzleToyStore.com.   Defendants SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, and BG4US by acts or omissions promoted the infringement of R&R GAMES' trademark rights and took acts steps to encourage direct infringement with purposeful, culpable expression and conduct with respect to Defendants

SMART TANGOES, FUNDEX, RAPIER, BG4US, CGS and PuzzleToyStore.com and with respect to KMART, SEARS, JUMBO and/or SJ Publishing.  These acts included sales and distribution of Accused Product and the advertisement of Accused Product.

79.     Such inducement also included placement of ads falsely associating the Accused Product with R&R GAMES' goods.  Such inducement further included permitting AMAZON, KMART, and SEARS to falsely associate on their respective websites the Accused Product with R&R GAMES' goods.

80.     Upon information and belief, Defendants VOIGT III, VOIGT IV, VANDOREN, WHITNEY and CHAMBERLAIN induced the infringement of R&R GAMES' trademark rights by causing SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, and BG4US to sell and/or distribute and/or approve or place advertisements of Accused Products.

81.     Upon information and belief, Defendants VOIGT III, VOIGT IV, VANDOREN, WHITNEY and CHAMBERLAIN induced the infringement of R&R GAMES' trademark rights by causing SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, and BG4US to sell and/or distribute and/or approve advertisements of Accused Products by engaging the retail services of KMART, SEARS, JUMBO and/or SJ Publishing.   By these purposeful acts, KMART, SEARS, JUMBO and/or SJ Publishing sold Accused Product.

82.     Defendants VOIGT III, VOIGT IV, VANDOREN, WHITNEY and CHAMBERLAIN by acts or omissions promoted the infringement of R&R GAMES' trademark rights by SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, and BG4US and by KMART, SEARS, JUMBO and/or SJ Publishing and took acts steps to encourage direct infringement with purposeful, culpable expression and conduct with respect to Defendants SMART TANGOES, FUNDEX,

RAPIER, BG4US, CGS and PuzzleToyStore.com and with respect to KMART, SEARS, JUMBO and/or SJ Publishing.  These acts included sales efforts and approval of ads for Accused Product.

83.     Such inducement by VOIGT III, VOIGT IV, VANDOREN, WHITNEY and CHAMBERLAIN also included placement of ads falsely associating the Accused Product with R&R GAMES' goods.  Such inducement further included permitting AMAZON, KMART, and SEARS to falsely associate on their respective websites the Accused Product with R&R GAMES' goods.

84.     These acts of inducing infringement are violations of 15 U.S.C. §1114.

85.     These Defendants' inducement of infringement of the HIDE & SEEK SAFARI mark is willful in light the prior cease and desist letters and continued use, sale and advertisement of SAFARI HIDE & SEEK and HIDE & SEEK SAFARI.

86.     These Defendants have caused substantial and irreparable harm to R&R Games and to the public.

87.     Such inducement of trademark infringement by these Defendants will continue unless permanently enjoined by this Court.

88.     Due to these Defendants' acts of inducement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

89.     R&R GAMES has no adequate remedy at law.

**COUNT III: CONTRIBUTORY INFRINGEMENT**

90.     R&R GAMES repeats each and every allegation set forth in paragraphs 1 through 61 above as if fully set forth herein, and incorporates by reference herein the allegations of direct infringement alleged in paragraphs 63 through 76 above.

91.     Upon information and belief, Defendants SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, and BG4US contributed to the infringement of R&R GAMES' trademark rights by selling and/or distributing and/or approving or placing advertisements of Accused Products by Defendants SMART TANGOES, FUNDEX, RAPIER, BG4US, CGS and PuzzleToyStore.com and by KMART, SEARS, JUMBO and/or SJ Publishing.   Defendants SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, and BG4US intended to participate in the direct infringement alleged in Count I above or knew about the infringing activities alleged in this complaint.

92.     Such contributory infringement also included placement of ads falsely associating the Accused Product with R&R GAMES' goods.   Such contributory infringement further included permitting AMAZON, KMART, and SEARS to falsely associate on their respective websites the Accused Product with R&R GAMES' goods.

93.     Upon information and belief, Defendants VOIGT III, VOIGT IV, VANDOREN, WHITNEY and CHAMBERLAIN contributed to the infringement of R&R GAMES' trademark rights by causing SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, and BG4US to sell and/or distribute and/or approve or place advertisements of Accused Products and by causing KMART, SEARS, JUMBO and/or SJ Publishing to sell and/or distribute and/or approve or place advertisements of Accused Products. Defendants VOIGT III, VOIGT IV, VANDOREN, WHITNEY and CHAMBERLAIN intended to participate in the direct infringement alleged in Count I above or knew about the infringing activities alleged in this complaint.

94.     Upon information and belief, Defendants VOIGT III, VOIGT IV, VANDOREN, WHITNEY and CHAMBERLAIN contributed to the infringement of R&R GAMES' trademark rights by causing SMART GAMES, SMART TANGOES, FUNDEX, RAPIER, and BG4US to sell

and/or distribute and/or approve or place advertisements of Accused Products by engaging the retail services of KMART, SEARS, JUMBO and/or SJ Publishing.   By these acts, KMART, SEARS, JUMBO and/or SJ Publishing sold Accused Product.

95.     These acts of contributory infringement are violations of 15 U.S.C. §1114.

96.     R&R GAMES has been damaged by these acts of contributory infringement.

## COUNT IV: TRADEMARK INFRINGEMENT CONSPIRACY

97.     R&R GAMES repeats each and every allegation set forth in paragraphs 1 through 61 above as if fully set forth herein, and incorporates by reference herein the allegations of direct infringement alleged in paragraphs 63 through 76 above.

98.     Upon information and belief, one or more of the Defendants, SMART GAMES, SMART TANGOES, FUNDEX, RAPIER and BG4US, PuzzleToyStore.com and their principals, VOIGT III, VOIGT IV, VANDOREN, WHITNEY and CHAMBERLAIN conspired together and agreed to initiate a coordinated marketplace penetration of the infringing game bearing the confusingly similar name(s) in an effort to trade off the good will and reputation of the HIDE & SEEK SAFARI Mark owned by R&R GAMES.

99.     Upon information and belief, the conspiring Defendants SMART GAMES, VANDOREN, SMART TANGOES, WHITNEY, FUNDEX, VOIGT III, VOIGT IV, RAPIER, BG4US and CHAMBERLAIN knew about R&R GAMES' trademark rights and deliberately engaged in a wide ranging campaign to advertise, promote, sell and distribute the Accused Product through their respective companies and through KMART, SEARS, JUMBO and/or SJ Publishing and further to flood the market with confusingly similar product, all to the detriment of R&R GAMES.

100.    R&R GAMES has been damaged by this conspiracy to infringe.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, R&R GAMES, Inc., respectfully requests this Court to enter:

A.    Judgment for R&R GAMES and against Defendants for trademark infringement in violation of 15 U. S.C. §1114.

B.    A permanent injunction restraining Defendants, its officers, directors, agents, servants, representatives, employees, licensees, successors, assigns, and all persons acting in concert or participation with Defendants, from doing, causing, aiding, or abetting any of the following:

i.    engaging in any acts or activities directly or indirectly calculated to trade upon the reputation or goodwill of R&R GAMES  HIDE & SEEK SAFARI Mark in any manner;

ii.    directly or indirectly infringing R & R GAMES' federally registered mark HIDE & SEEK SAFARI;

iii.    using "SAFARI" and/or "HIDE & SEEK" in the sale, offering for sale, promotion, advertising, and marketing of games and related goods.

iv.    directing that all infringing games be destroyed.

v.    directing that all infringing games be recalled from the marketplace.

C.    Pursuant to 15 U.S.C. §1117(a) an award of all Defendants' profits; damages sustained by R&R Games; and the costs of this action.

D.    A finding of willful infringement and entering a judgment of treble damages pursuant to 15 U.S.C. §1117(b).

E.    An order requiring Defendants to pay all reasonable attorney's fees and all costs incurred in this action.

22

F.      An order awarding R & R GAMES such other and further relief as the Court may

deem just and proper.

## JURY DEMAND

R&R GAMES hereby demands a trial by Jury.

Respectfully submitted,

Dated: _March 6, 2013___            By: __/s/RobertKain_____
                                         Robert C. Kain, Jr. (Florida Bar No. 266760)
                                         Rkain@ComplexIP.com
                                         Darren Spielman (10868)
                                         Dspielman@ComplexIP.com
                                         KAIN & ASSOCIATES, Attorneys at Law, P.A.
                                         900 Southeast 3rd Avenue, Suite 205
                                         Fort Lauderdale, FL  33316
                                         T:  (954) 768-9002
                                         F:  (954) 768-0158
                                         Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on __Mar. 6, 2013_____ , I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

/s/RobertKain
Robert C. Kain, Jr.
Florida Bar No. 266760

Douglas A. Cherry
SHUMAKER, LOOP & KENDRICK, LLP
dcherry@slk-law.com
Post Office Box 49948
Sarasota, Florida 34230-6948
941-364-2738 (Tel)
941-366-3999 (Fax)
Attorneys for Smart Toys and Games, Inc.
d/b/a Smart Tangoes, Smart N.V. d/b/a Smart
d/b/a Smart Games, Rolf Vandoren, James B. Whitney

Steven Blonder
Much Shelist, P.C.
191 North Wacker Drive, Suite 1800
Chicago, IL 60606
Phone 312.521.2402
Fax 312-521-2302
sblonder@muchshelist.com
Attorneys for Smart Toys and Games, Inc.
 d/b/a Smart Tangoes, Smart N.V. d/b/a Smart
d/b/a Smart Games, Rolf Vandoren, James B. Whitney,
Carl E. Voight, III, and Carl E. Voight, IV

Harsh Arora, Esq.
Spiegel & Utrera, P.A.
1840 Coral Way, 4th Floor
Miami, Florida 33145
Tel: (305) 854-6000 x 204
Fax: (305) 857-3700

attorneyarora@amerilawyer.com
Attorneys for Rapier Distribution, Inc.
and David A. Chamberlain (individual)
and BoardGames 4 US, Inc.


Michael K. Kiernan
TRAUB, LIEBERMAN, STRAUS &
SHREWSBERRY
mkiernan@traublieberman.com
P.O. Box 3942
St. Petersburg, Florida 33731
727-898-8100 telephone
727-895-4838 facsimile
Attorneys for Defendant California Guest
Services, Inc. d/b/a, California Parks Co.,
d/b/a Explore and More Store


Additional Service:
Todd Roberts
Ropers, Majeski, Kohn & Bentley
1001 Marshall Street
Suite 500
Redwood City, CA  94063
(650) 364-8200 Phone
(650) 780-1701 Fax
troberts@rmkb.com
Attorneys for Defendant California Guest
Services, Inc. d/b/a, California Parks Co.,
d/b/a Explore and More Store

K:\RCK\CLIENTS\R&R Games\HnS-Litigation\plead-Amended-Complaint-2d-ss.wpd

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 3,015,702

Registered Nov. 15, 2005

## TRADEMARK
### PRINCIPAL REGISTER

# HIDE & SEEK SAFARI

R&R GAMES, INC. (FLORIDA CORPORATION)

P.O. BOX 130195

TAMPA, FL 336810195

   FOR: ELECTRONIC LOCATOR TOY GAME, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

   FIRST USE 12-20-2004; IN COMMERCE 12-20-2004.

   THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

   NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HIDE & SEEK", APART FROM THE MARK AS SHOWN.

   SER. NO. 78-502,611, FILED 10-20-2004.

   TEJBIR SINGH, EXAMINING ATTORNEY

EXHIBIT A