UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| R&R GAMES, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>FUNDEX GAMES, LTD., et al.<br><br>Defendants. | Case No. 8:12-cv-01957-JDW-TBM<br><br>DEFENDANT CALIFORNIA GUEST SERVICES INC.'S ANSWER TO SECOND AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br>[Federal Rule of Civil Procedure, Rule 38A] |

Defendant California Guest Services, Inc., d/b/a The California Parks Company d/b/a ExploreandMoreStore.com, a California corporation ("Defendant"), in answer to the Second Amended Complaint of Plaintiff R&R Games, Inc. ("R&R Games") on file herein, and to each and every cause of action contained therein admits, denies and alleges as follows:

1.      Answering the allegations contained in paragraph 1 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

2.      Answering the allegations contained in paragraph 2 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

3.      Answering the allegations contained in paragraph 3 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

4.      Answering the allegations contained in paragraph 4 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

5.      Answering the allegations contained in paragraph 5 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

6.      Answering the allegations contained in paragraph 6 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

7.      Answering the allegations contained in paragraph 7 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

8.      Answering the allegations contained in paragraph 8 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

9.      Answering the allegations contained in paragraph 9 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

10.     Answering the allegations contained in paragraph 10 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

11.     Answering the allegations contained in paragraph 11 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

12.     Answering the allegations contained in paragraph 12 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

13.     Answering the allegations contained in paragraph 13 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

14.     Answering the allegations contained in paragraph 14 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

15.     Answering the allegations contained in paragraph 15 of the Second Amended Complaint, Defendant admits that California Guest Services, Inc. is a California company with a principal place of business in California.

16.     Answering the allegations contained in paragraph 16 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

17.     Answering the allegations contained in paragraph 17 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

18.     Answering the allegations contained in paragraph 18 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

19.     Answering the allegations contained in paragraph 19 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

20.     Answering the allegations contained in paragraph 20 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

21.     Answering the allegations contained in paragraph 21 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

22.     Answering the allegations contained in paragraph 22 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

23.     Answering the allegations contained in paragraph 23 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

24.     Answering the allegations contained in paragraph 24 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

25.     Answering the allegations contained in paragraph 25 of the Second Amended Complaint, Defendant denies the following allegations (1) that Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of any other Defendants, and (2) that Defendant was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment.   Regarding any remaining allegations, Defendant lacks sufficient information and, on that basis, denies the same.

## JURISDICTION AND VENUE

26.     Answering the allegations contained in paragraph 26 of the Second Amended Complaint, Defendant admits that Plaintiff's allegations arise under Section 32 of the Lanham Act (the Federal Trademark Act) (15 U.S.C. §1114).

27.     Answering the allegations contained in paragraph 27 of the Second Amended Complaint, Defendant admits that this Court has subject matter jurisdiction over allegations pursuant to 15 U.S.C. §§1331, 1338(a).

28.     Answering the allegations contained in paragraph 28 of the Second Amended Complaint, Defendant denies the allegations (1) that personal jurisdiction exists over Defendant in the State of Florida, (2) that Defendant solicits business from consumers in Florida, (3) that Defendant engages in interstate commerce in the State of Florida, and (4) that Defendant continues to sell product in the State of Florida.   With

respect to the remaining allegations, Defendant lacks sufficient information and, on that basis, denies the same.

Defendant objects to personal jurisdiction in the State of Florida, and Defendant does not waive its right to file a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12 and alternatively to file a Motion to Transfer based on *forum non conveniens*.  (See Affirmative Defense No. 1)

29.    Answering the allegations contained in paragraph 29 of the Second Amended Complaint, Defendant denies the allegation that Defendant solicits business from consumers in the State of Florida.  Regarding the remaining allegations, including those related to the venue being proper, Defendant lacks sufficient information and, on that basis, denies the same.

## FACTS

30.    Answering the allegations contained in paragraph 30 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

31.    Answering the allegations contained in paragraph 31 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

32.    Answering the allegations contained in paragraph 32 of the Second Amended Complaint, Defendant admits that Exhibit A appears to show trademark registration No. 3,015,702.   Regarding the remaining allegations, Defendant lacks sufficient information and, on that basis, denies the same.

33.     Answering the allegations contained in paragraph 33 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

34.     Answering the allegations contained in paragraph 34 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

35.     Answering the allegations contained in paragraph 35 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

36.     Answering the allegations contained in paragraph 36 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

37.     Answering the allegations contained in paragraph 37 of the Second Amended Complaint, Defendant denies that it sells and offers to sell infringing games throughout the United States under the marks SAFARI HIDE & SEEK and/or HIDE & SEEK SAFARI.  Defendant does not currently sell or offer to sell the allegedly infringing games.  Defendant removed any and all remaining allegedly infringing products from its shelves and website after Defendant received notice that sales of games titled SAFARI HIDE & SEEK and/or HIDE & SEEK SAFARI infringed Plaintiff's trademark. Defendant denies that persons throughout the United States and in Florida can buy the allegedly infringing games through Defendant's interactive website, and Defendant denies that its website is interactive.  Regarding the remaining allegations, Defendant lacks sufficient information and, on that basis, denies the same.

38.     Answering the allegations contained in paragraph 38 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

39.     Answering the allegations contained in paragraph 39 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

40.     Answering the allegations contained in paragraph 40 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

41.     Answering the allegations contained in paragraph 41 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

42.     Answering the allegations contained in paragraph 42 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

43.     Answering the allegations contained in paragraph 43 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

44.     Answering the allegations contained in paragraph 44 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

45.     Answering the allegations contained in paragraph 45 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

46.     Answering the allegations contained in paragraph 46 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

47.     Answering the allegations contained in paragraph 47 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

48.     Answering the allegations contained in paragraph 48 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

49.     Answering the allegations contained in paragraph 49 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

50.     Answering the allegations contained in paragraph 50 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

51.     Answering the allegations contained in paragraph 51 of the Second Amended Complaint, Defendant admits that Exhibits N and O to Plaintiff's First Amended Complaint purport to show that Plaintiff or Plaintiff's agents purchased a game entitled "Safari Hide and Seek Game" from the website www.exploreandmorestore.com, that the exhibits purport to show that payment was made to The Store at Happy Hollow,

and that the exhibits purport to show that Plaintiff requested the products be shipped to addresses located in Tampa, Florida (Exhibit N) and Fort Lauderdale, FL (Exhibit O). Regarding any remaining allegations, Defendant lacks sufficient information and, on that basis, denies the same.

52.     Answering the allegations contained in paragraph 52 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

53.     Answering the allegations contained in paragraph 53 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

54.     Answering the allegations contained in paragraph 54 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

55.     Answering the allegations contained in paragraph 55 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

56.     Answering the allegations contained in paragraph 56 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

57.     Answering the allegations contained in paragraph 57 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

58.     Answering the allegations contained in paragraph 58 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

59.     Answering the allegations contained in paragraph 59 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

60.     Answering the allegations contained in paragraph 60 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

61.     Answering the allegations contained in paragraph 61 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

## FEDERAL TRADEMARK INFRINGEMENT

62.     Answering the allegations contained in paragraph 62 of the Second Amended Complaint, Defendant incorporates all responses to paragraphs 1 through 61.

63.     Answering the allegations contained in paragraph 63 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

64.     Answering the allegations contained in paragraph 64 of the Second Amended Complaint, Defendant denies the allegations pertaining to Defendant. Regarding any remaining allegations, Defendant lacks sufficient information and, on that basis, denies the same.

65.     Answering the allegations contained in paragraph 65 of the Second Amended Complaint, Defendant denies the allegations pertaining to Defendant. Regarding any remaining allegations, Defendant lacks sufficient information and, on that basis, denies the same.

66.     Answering the allegations contained in paragraph 66 of the Second Amended Complaint, Defendant denies the allegations pertaining to Defendant. Regarding any remaining allegations, Defendant lacks sufficient information and, on that basis, denies the same.

67.     Answering the allegations contained in paragraph 67 of the Second Amended Complaint, Defendant denies the allegations pertaining to Defendant. Regarding any remaining allegations, Defendant lacks sufficient information and, on that basis, denies the same.

68.     Answering the allegations contained in paragraph 68 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

69.     Answering the allegations contained in paragraph 69 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

70.     Answering the allegations contained in paragraph 70 of the Second Amended Complaint, Defendant denies the allegations pertaining to Defendant.   In particular, Defendant denies (1) that any alleged infringement was willful, (2) that Defendant received alleged cease and desist letters from Plaintiff, or (3) that Defendant

acknowledged any alleged infringement, alleged willfulness, or alleged cease and desist letters.  Regarding any remaining allegations, Defendant denies the allegations.

71.     Answering the allegations contained in paragraph 71 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

72.     Answering the allegations contained in paragraph 72 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

73.     Answering the allegations contained in paragraph 73 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

74.     Answering the allegations contained in paragraph 74 of the Second Amended Complaint, Defendant lacks sufficient information and, on that basis, denies the same.

75.     Answering the allegations contained in paragraph 75 of the Second Amended Complaint, Defendant denies the allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

76.     Answering the allegations contained in paragraph 76 of the Second Amended Complaint, Defendant denies the allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

## COUNT II: INDUCEMENT OF TRADEMARK INFRINGEMENT

77.     Answering the allegations contained in paragraph 77 of the Second Amended Complaint, Defendant incorporates all responses to paragraphs 1 through 76.

78.     Answering the allegations contained in paragraph 78 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

79.     Answering the allegations contained in paragraph 79 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

80.     Answering the allegations contained in paragraph 80 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

81.     Answering the allegations contained in paragraph 81 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

82.     Answering the allegations contained in paragraph 82 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

83.     Answering the allegations contained in paragraph 83 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

84.     Answering the allegations contained in paragraph 84 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

85.    Answering the allegations contained in paragraph 85 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

86.    Answering the allegations contained in paragraph 86 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

87.    Answering the allegations contained in paragraph 87 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

88.    Answering the allegations contained in paragraph 88 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

89.    Answering the allegations contained in paragraph 89 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

## COUNT III: CONTRIBUTORY INFRINGEMENT

90.    Answering the allegations contained in paragraph 90 of the Second Amended Complaint, Defendant incorporates all responses to paragraphs 1 through 89.

91.    Answering the allegations contained in paragraph 91 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

92.     Answering the allegations contained in paragraph 92 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

93.     Answering the allegations contained in paragraph 93 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

94.     Answering the allegations contained in paragraph 94 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

95.     Answering the allegations contained in paragraph 95 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

96.     Answering the allegations contained in paragraph 96 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

97.     Answering the allegations contained in paragraph 97 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

98.     Answering the allegations contained in paragraph 98 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

99.     Answering the allegations contained in paragraph 99 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

100.    Answering the allegations contained in paragraph 100 of the Second Amended Complaint, Defendant denies any allegations pertaining to Defendant. Regarding any remaining allegations, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (No Personal Jurisdiction)

101.    AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges that this Court lacks personal jurisdiction over Defendant.  Defendant alleges that the First Amended Complaint, and each claim for relief set forth therein, fails to state facts sufficient to constitute personal jurisdiction over Defendant in the State of Florida.  Defendant alleges that Plaintiff does not and cannot provide sufficient facts to constitute personal jurisdiction as Defendant is a California company and does not have sufficient contacts with the State of Florida to justify personal jurisdiction.  Defendant reserves its right to file a Motion to Dismiss for a lack of personal jurisdiction and alternatively to file a Motion to Transfer based *forum non conveniens*.

### SECOND AFFIRMATIVE DEFENSE
### (Innocent Infringement)

102.    AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF

THEREIN, DEFENDANT alleges, without admitting that the Complaint states a claim, that the claims made in the Complaint are barred, in whole or in part, because any infringement by Defendant, if any, was innocent or done with innocent intent.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

103.   AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges, without admitting that the Complaint states a claim, that the claims made in the First Amended Complaint are barred by the doctrine of laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendants' actions.

## FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence)

104.   AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges that the claims made in the First Amended Complaint are barred by the doctrine of acquiescence, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendants' actions.

## FIFTH AFFIRMATIVE DEFENSE
### (No Infringement)

105.   AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges Defendant has not infringed on any applicable or alleged trademark under federal or state law.

## SIXTH AFFIRMATIVE DEFENSE
### (No Damages)

106.   AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges that, without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

107.   AS A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges that Plaintiffs claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

## EIGHTH AFFIRMATIVE DEFENSE
### (Not Entitled to Equitable Relief)

108.   AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges, without admitting that the Complaint states a claim, that any alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.  Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

109.   AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges, without admitting that the Complaint states a claim, that the claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## TENTH AFFIRMATIVE DEFENSE
### (Duplicative Recovery)

110.   AS A FOURTEETH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges, without admitting that the Complaint states a claim, that any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendant or other Defendants for any alleged single wrong, since Defendant obtained Accused Products from co-defendants.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Other Party's Use)

111.   AS A SIXTEETH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges, that the claims made in the Complaint are barred, in whole or in part, by reason of other parties' or entities' use of any marks at issue.

## TWELFTH AFFIRMATIVE DEFENSE
### (Not Liable for Other's Acts)

112.   AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges, that the claims made in the Complaint are barred, in whole or in part, because Defendant is not liable for the acts of others over whom it has no control.

## THIRTEENTH AFFIRMATIVE DEFENSE (Trademark Abandoned)

113.   AS A NINETEETH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges, without admitting that Plaintiff is the owner of any trademark, that Plaintiff has abandoned any right to this trademark by failing to take action against other infringing parties, and/or or otherwise indicating, implicitly or explicitly, that nothing will be done about the infringing action and thereby acquiescing to this use.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Cease of Use of Trademark)

114.   AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR RELIEF THEREIN, DEFENDANT alleges, without admitting that Plaintiff is the owner of any trademark, that Plaintiff ceased using the alleged trademark.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Generic Trademark)

115.   AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND EACH CLAIM FOR

RELIEF THEREIN, DEFENDANT alleges that the alleged trademark is generic insofar

as it describes an entire category or genus of product and thus cannot receive protection

under the law.

## ADDITIONAL DEFENSES

116.    Defendant reserves the right to assert additional defenses based on

information learned or obtained during discovery

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues triable by a jury relating to

Plaintiff's claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.  That Plaintiff takes nothing by its Complaint;

2.  That the First Amended Complaint, and each and every purported claim for relief
    therein, be dismissed with prejudice

3.  That Defendant be awarded their costs of suit and attorneys' fees incurred herein;
    and,

4.  For such other and further relief as the Court deems just and proper.

Dated:  March 25, 2013                        Respectfully submitted,
                                              ROPERS, MAJESKI, KOHN & BENTLEY

                                              By ___/s/ Todd A. Roberts_____
                                                   Todd A. Roberts, CA Bar 129722
                                                   Counsel for Defendant CALIFORNIA
                                                   GUEST SERVICES, INC. d/b/a
                                                   The California Parks Company d/b/a
                                                   ExploreandMoreStore.com, a
                                                   California Corporation
                                                   1001 Marshall Street, Suite 500
                                                   Redwood City, CA  94063
                                                   Telephone:  650-364-8200
                                                   Facsimile:  650-780-1701

## CERTIFICATE OF ELECTRONIC SERVICE

I HEREBY CERTIFY that on March 25, 2013, I electronically filed the foregoing with the Clerk of the Court for the Middle District of Florida using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Darren Joel Spielman, Robert C. Kain, Jr., Steven P. Blonder, Michael Keegan Kiernan, Douglas A. Cherry, Harsh Arora.


By: _____ /s/ *Todd A. Roberts* _____
          Todd A. Roberts
          CA Bar No. 129722
          troberts@rmkb.com