UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| R&R GAMES, INC. a Florida corporation, | CASE NO. 8:12-CV-01957 JDW-TBM |
| Plaintiff, | |
| vs. | |
| FUNDEX GAMES, LTD. an Indiana corporation, et al. | |
| Defendants. | |

## DEFENDANT CARL E. VOIGT, IV'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Carl E. Voigt, IV ("Voigt"), by his attorneys, hereby answers Plaintiff's Second Amended Complaint as follows:

### PARTIES AND PARTICIPANTS

RESPONSE No. 1: On information and belief, Voigt admits the allegations in paragraph 1.

RESPONSE No. 2: Voigt admits the allegations in paragraph 2.

RESPONSE No. 3: Voigt admits the allegations in paragraph 3.

RESPONSE No. 4: Voigt admits the allegations in the first sentence of paragraph 4 but denies the remaining allegations of paragraph 4.

RESPONSE No. 5: Voigt admits the allegations in paragraph 5.

RESPONSE No. 6: Voigt admits the allegations in the first two sentences of paragraph 6, but denies the remaining allegations.

RESPONSE No. 7: On information and belief, Voigt admits the allegations in paragraph 7.

RESPONSE No. 8: Voigt admits the allegations in paragraph 8.

RESPONSE No. 9: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.

RESPONSE No. 10: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10.

RESPONSE No. 11: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.

RESPONSE No. 12: On information and belief, Voigt admits the allegations in paragraph 12.

RESPONSE No. 13: On information and belief, Voigt admits the allegations in the first sentence of paragraph 13. Voigt lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations.

RESPONSE No. 14: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.

RESPONSE No. 15: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15.

RESPONSE No. 16: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.

RESPONSE No. 17: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17.

RESPONSE No. 18: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18.

RESPONSE No. 19: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.

RESPONSE No. 20: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20.

RESPONSE No. 21: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21.

RESPONSE No. 22: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22.

RESPONSE No. 23: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23.

RESPONSE No. 24: Voigt lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24.

RESPONSE No. 25: As pled, Voigt lacks information regarding each of the individual defendants.

RESPONSE No. 26: Voigt admits the allegations in paragraph 26.

RESPONSE No. 27: This paragraph states a legal conclusion to which no answer is necessary.

RESPONSE No. 28: Voigt denies the allegations in paragraph 28.

RESPONSE No. 29: Voigt denies the allegations in paragraph 29.

RESPONSE No. 30: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 30.

RESPONSE No. 31: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 31.

4291770

RESPONSE No. 32: On information and belief, this is admitted.

RESPONSE No. 33: Voigt denies the allegations in paragraph 33.

RESPONSE No. 34: These allegations state a legal conclusion to which no answer is necessary.

RESPONSE No. 35: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 35.

RESPONSE No. 36: V0oigt lacks information sufficient to form a belief regarding the allegations in paragraph 36.

RESPONSE No. 37: Voigt denies the allegations in paragraph 37.

RESPONSE No. 38: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 38.

RESPONSE No. 39: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 39.

RESPONSE No. 40: Voigt admits the allegations in paragraph 40.

RESPONSE No. 41: Voigt admits the allegations in the first sentence of paragraph 4 but denies the remaining allegations of paragraph 41.

RESPONSE No. 42: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 42.

RESPONSE No. 43: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 43.

RESPONSE No. 44: Voigt denies the allegations in paragraph 44.

RESPONSE No. 45: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 45.

RESPONSE No. 46: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 46.

RESPONSE No. 47: Voigt denies the allegations in paragraph 47.

RESPONSE No. 48: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 48.

RESPONSE No. 49: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 49.

RESPONSE No. 50: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 50.

RESPONSE No. 51: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 51.

RESPONSE No. 52: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 52.

RESPONSE No. 53: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 53.

RESPONSE No. 54: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 54.

RESPONSE No. 55: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 55.

RESPONSE No. 56: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 56.

RESPONSE No. 57: Voigt lacks information sufficient to form a belief regarding the allegations in paragraph 57.

4291770

RESPONSE No. 58: Voigt denies the allegations in paragraph 58.

RESPONSE No. 59: Voigt denies the allegations in paragraph 59.

RESPONSE No. 60: Voigt denies the allegations in paragraph 60.

RESPONSE No. 61: Voigt denies the allegations in paragraph 61.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

No answer is required as this count has been dismissed with prejudice.

### COUNT II: INDUCEMENT OF TRADEMARK INFRINGEMENT

RESPONSE No. 77: Voigt restates and incorporates his answers to paragraphs 1-61.

RESPONSE No. 78: Voigt denies the allegations in paragraph 78.

RESPONSE No. 79: Voigt denies the allegations in paragraph 79.

RESPONSE No. 80: Voigt denies the allegations in paragraph 80.

RESPONSE No. 81: Voigt denies the allegations in paragraph 81.

RESPONSE No. 82: Voigt denies the allegations in paragraph 82.

RESPONSE No. 83: Voigt denies the allegations in paragraph 83.

RESPONSE No. 84: Voigt denies the allegations in paragraph 78.

RESPONSE No. 85: Voigt denies the allegations in paragraph 85.

RESPONSE No. 86: Voigt denies the allegations in paragraph 86.

RESPONSE No. 87: Voigt denies the allegations in paragraph 87.

RESPONSE No. 88: Voigt denies the allegations in paragraph 88.

RESPONSE No. 89: Voigt denies the allegations in paragraph 89.

### COUNT III: CONTRIBUTORY INFRINGEMENT

4291770

RESPONSE No. 90: Voigt restates and incorporates his answers to paragraphs 1-61.

RESPONSE No. 91: Voigt denies the allegations in paragraph 91.

RESPONSE No. 92: Voigt denies the allegations in paragraph 92.

RESPONSE No. 93: Voigt denies the allegations in paragraph 93.

RESPONSE No. 94: Voigt denies the allegations in paragraph 94.

RESPONSE No. 95: Voigt denies the allegations in paragraph 95.

RESPONSE No. 96: Voigt denies the allegations in paragraph 96.

### COUNT IV: TRADEMARK INFRINGEMENT CONSPIRACY

RESPONSE No. 97: Voigt restates and incorporates his answers to paragraphs 1-61.

RESPONSE No. 98: Voigt denies the allegations in paragraph 98.

RESPONSE No. 99: Voigt denies the allegations in paragraph 99.

RESPONSE No. 100: Voigt denies the allegations in paragraph 100.

### AFFIRMATIVE DEFENSES

Voigt hereby pleads the following affirmative defenses.

1. Plaintiff has waived, and/or is estopped from asserting, at least some of the intellectual property rights asserted in the Second Amended Complaint. Plaintiff knew or should have known that Smart had a product known as Safari Hide & Seek as of 2005 at the latest. Despite actually knowing in 2008 from the packaging on the product distributed by Highlights for Children that Smart was involved in the creation or distribution of product known as Safari Hide & Seek, Plaintiff never bothered to contact Smart, or to otherwise take any action vis-à-vis Smart in connection with the protection of its rights.

2. Voigt asserts the defense of laches. Plaintiff knew or should have known that Smart had a product known as Safari Hide & Seek as of 2005 at the latest. Despite actually knowing in (a) 2008 from the packaging on the product distributed by Highlights for Children that Smart was involved in the creation or distribution of product known as Safari Hide & Seek, and (b) 2011 from the packaging on the product distributed by Fundex, and the promotional video described in paragraph 42 of the Second Amended Complaint, Plaintiff never bothered to contact Smart, send a cease and desist letter to Smart, or to otherwise take any action vis-à-vis Smart or Vandoren in connection with the protection of its rights. Indeed, Plaintiff took no such action prior to filing a complaint in the third quarter of 2012.

3. The mark asserted by Plaintiff has become generic in application, describing an entire category or genus of product.

4. Plaintiff has suffered no compensable injury and, in the alternative in the unlikely event Plaintiff can prove compensable injury, any compensable injury was not caused by any actions or inactions of Voigt.

5. Plaintiff has failed to mitigate its damages in the unlikely event Plaintiff can prove compensable injury.

SHUMAKER, LOOP & KENDRICK, LLP
Post Office Box 49948
Sarasota, Florida 34230-6948
941-364-2738/941-366-3999 (Fax)
*Attorneys for Carl E. Voigt, IV*
Douglas A. Cherry
Florida Bar No. 0333130
dcherry@slk-law.com

        Steven P. Blonder
        MUCH SHELIST, P.C.
        191 N. Wacker Drive, Suite 1800
        Chicago, IL 60606
        312-521-2402/312- 521-2100 (Fax)
        *Attorneys for Carl E. Voigt, IV*

By: /s/ Steven P. Blonder
        Steven P. Blonder
        Illinois Bar No.: 6215773
        sblonder@muchshelist.com

4291770

## CERTIFICATE OF SERVICE

I, Steven P. Blonder, an attorney, certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of the Court for the Middle District of Florida using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Carl E. Voigt, IV's Answer to Second Amended Complaint and Affirmative Defenses.

/s/ Steven P. Blonder

4291770