## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **R&R GAMES, INC.** a Florida corporation, | **CASE NO. 8:12-CV-01957 JDW-TBM** |
| **Plaintiff,** | |
| vs. | |
| **FUNDEX GAMES, LTD.** an Indiana corporation, et al. | |
| **Defendants.** | |

## DEFENDANTS SMART N.V. AND ROLF VANDOREN'S ANSWER TO SECOND AMENDED COMPLAINT

Defendants SMART N.V. d/b/a Smart d/b/a Smart Games, A Belgium Company (hereinafter "Smart") and ROLF VANDOREN (hereinafter "Vandoren"), by their attorneys, hereby answer Plaintiff's Second Amended Complaint as follows:

## PARTIES AND PARTICIPANTS

RESPONSE No. 1: On information and belief, Smart and Vandoren admit the allegations in paragraph 1.

RESPONSE No. 2: On information and belief, Smart and Vandoren admit the allegations in paragraph 2.

RESPONSE No. 3: On information and belief, Smart and Vandoren admit the allegations in paragraph 3.

RESPONSE No. 4: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 5:  On information and belief, Smart and Vandoren admit the allegations in paragraph 5.

RESPONSE No. 6:  Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations in paragraph 6.

RESPONSE No. 7:  Smart and Vandoren admit the allegations in paragraph 7.

RESPONSE No. 8:  Smart and Vandoren admit the allegations in paragraph 8.

RESPONSE No. 9:  Smart and Vandoren admit the allegations in the first sentence of paragraph 9.  The remaining allegations are denied.

RESPONSE No. 10: Smart and Vandoren admit the allegations in paragraph 10.

RESPONSE No. 11: Smart and Vandoren admit the allegations in the first two sentences of paragraph 11.  The remaining allegations are denied.

RESPONSE No. 12: Smart and Vandoren admit the allegations in paragraph 12.

RESPONSE No. 13: Smart and Vandoren admit the allegations in the first two sentences of paragraph 13.  The remaining allegations are denied.

RESPONSE No. 14: On information and belief, Smart and Vandoren admit the allegations in paragraph 14.

RESPONSE No. 15: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 16: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 17: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

4322184

RESPONSE No. 18: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 19: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 20: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 21: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 22: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 23: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 24: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 25: As pled, Smart and Vandoren lack information regarding such of the individual defendants.

RESPONSE No. 26: Smart and Vandoren admit the allegations in paragraph 26.

RESPONSE No. 27: This paragraph states a legal conclusion to which no answer is necessary.

RESPONSE No. 28: Smart and Vandoren deny the allegations in paragraph 28.

RESPONSE No. 29: Smart and Vandoren deny the allegations in paragraph 29.

RESPONSE No. 30: Smart and Vandoren lack information sufficient to form a belief regarding the allegations in paragraph 30.

4322184

RESPONSE No. 31: Smart and Vandoren lack information sufficient to form a belief regarding the allegations in paragraph 31.

RESPONSE No. 32: On information and belief, this is admitted.

RESPONSE No. 33: Smart and Vandoren deny the allegations in paragraph 33.

RESPONSE No. 34: These allegations state a legal conclusion to which no answer is necessary.

RESPONSE No. 35: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 36: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 37: Smart and Vandoren admit that a product called Safari Hide & Seek was available in the United States at all relevant times, and that product was able to be purchased via the Internet. The remaining allegations are denied.

RESPONSE No. 38: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 39: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 40: Smart and Vandoren state that they learned that such a letter was sent subsequent to the commencement of this action.

RESPONSE No. 41: Smart and Vandoren learned of the March 23, 2011 letter upon seeing the complaint in this matter. The remaining allegations are denied.

RESPONSE No. 42: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

4322184

RESPONSE No. 43: Smart and Vandoren lack information regarding the allegations in the first sentence of paragraph 43. The remaining allegations are denied.

RESPONSE No. 44: Smart and Vandoren deny the allegations in paragraph 44.

RESPONSE No. 45: Smart and Vandoren had a product titled Safari Hide & Seek on display at The 2012 International Toy Fair in New York. The remaining allegations are denied.

RESPONSE No. 46: Smart and Vandoren deny the allegations in paragraph 46.

RESPONSE No. 47: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 48: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 49: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 50: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 51: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 52: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 53: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 54: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

4322184

RESPONSE No. 55: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 56: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 57: Smart and Vandoren lack information sufficient to form a belief as to the truth of the allegations.

RESPONSE No. 58: Smart and Vandoren deny the allegations in paragraph 58.

RESPONSE No. 59: Smart and Vandoren deny the allegations in paragraph 59.

RESPONSE No. 60: Smart and Vandoren deny the allegations in paragraph 60.

RESPONSE No. 61: Smart and Vandoren admit that plaintiff has no control over Smart's products.  The remaining allegations are denied.

### COUNT I:  FEDERAL TRADEMARK INFRINGEMENT[1]

RESPONSE No. 62: Smart restates and incorporates its answers to paragraphs 1-61.

RESPONSE No. 63: Smart denies the allegations in paragraph 63.

RESPONSE No. 64: Smart denies the allegations in paragraph 64.

RESPONSE No. 65: Smart denies the allegations in paragraph 65.

RESPONSE No. 66: Smart denies the allegations in paragraph 66.

RESPONSE No. 67: Smart denies the allegations in the first two sentences and lacks information sufficient to form a belief as to the truth of the remaining allegations.

RESPONSE No. 68: Smart denies the allegations in paragraph 68.

RESPONSE No. 69: Smart lacks information sufficient to form a belief as to the truth of the allegations.

---

[1] This claim has been dismissed with prejudice against Vandoren.

4322184

RESPONSE No. 70: Smart denies the allegations in paragraph 70.

RESPONSE No. 71: Smart denies the allegations in paragraph 71.

RESPONSE No. 72: Smart denies the allegations in paragraph 72.

RESPONSE No. 73: Smart denies the allegations in paragraph 73.

RESPONSE No. 74: Smart denies the allegations in paragraph 74.

RESPONSE No. 75: Smart denies the allegations in paragraph 75.

RESPONSE No. 76: Smart denies the allegations in paragraph 76.

## COUNT II:  INDUCEMENT OF TRADEMARK INFRINGEMENT

RESPONSE No. 77: Smart and Vandoren restate and incorporate their answers to paragraphs 1-61.

RESPONSE No. 78: Smart and Vandoren deny the allegations in paragraph 78.

RESPONSE No. 79: Smart and Vandoren deny the allegations in paragraph 79.

RESPONSE No. 80: Smart and Vandoren deny the allegations in paragraph 80.

RESPONSE No. 81: Smart and Vandoren deny the allegations in paragraph 81.

RESPONSE No. 82: Smart and Vandoren deny the allegations in paragraph 82.

RESPONSE No. 83: Smart and Vandoren deny the allegations in paragraph 83.

RESPONSE No. 84: Smart and Vandoren deny the allegations in paragraph 84.

RESPONSE No. 85: Smart and Vandoren deny the allegations in paragraph 85.

RESPONSE No. 86: Smart and Vandoren deny the allegations in paragraph 86.

RESPONSE No. 87: Smart and Vandoren deny the allegations in paragraph 87.

RESPONSE No. 88: Smart and Vandoren deny the allegations in paragraph 88.

RESPONSE No. 89: Smart and Vandoren deny the allegations in paragraph 89.

4322184

## COUNT III:  CONTRIBUTORY INFRINGEMENT

RESPONSE No. 90: Smart and Vandoren restate and incorporate their answers to paragraphs 1-61.

RESPONSE No. 91: Smart and Vandoren deny the allegations in paragraph 91.

RESPONSE No. 92: Smart and Vandoren deny the allegations in paragraph 92.

RESPONSE No. 93: Smart and Vandoren deny the allegations in paragraph 93.

RESPONSE No. 94: Smart and Vandoren deny the allegations in paragraph 94.

RESPONSE No. 95: Smart and Vandoren deny the allegations in paragraph 95.

RESPONSE No. 96: Smart and Vandoren deny the allegations in paragraph 96.

## COUNT IV:  TRADEMARK INFRINGEMENT CONSPIRACY

RESPONSE No. 97: Smart and Vandoren restate and incorporate their answers to paragraphs 1-61.

RESPONSE No. 98: Smart and Vandoren deny the allegations in paragraph 98.

RESPONSE No. 99: Smart and Vandoren deny the allegations in paragraph 99.

RESPONSE No. 100: Smart and Vandoren deny the allegations in paragraph 100.

## AFFIRMATIVE DEFENSES

Defendants hereby plead the following affirmative defenses.

1.     Plaintiff has waived, and/or is estopped from asserting, at least some of the intellectual property rights asserted in the Second Amended Complaint.  Plaintiff knew or should have known that Smart had a product known as Safari Hide & Seek as of 2005 at the latest. Despite actually knowing in (a) 2008 from the packaging on the product distributed by Highlights for Children that Smart was involved in the creation or distribution of product known as Safari Hide & Seek, and (b) 2011 from the packaging on the product distributed by Fundex,

4322184

and the promotional video described in paragraph 42 of the Second Amended Complaint, Plaintiff never bothered to contact Smart or Vandoren, or to otherwise take any action vis-à-vis Smart or Vandoren in connection with the protection of its rights. Indeed, Plaintiff took no such action prior to filing a complaint in the third quarter of 2012.

2.      Smart and Vandoren assert the defense of laches. Plaintiff knew or should have known that Smart had a product known as Safari Hide & Seek as of 2005 at the latest. Despite actually knowing in (a) 2008 from the packaging on the product distributed by Highlights for Children that Smart was involved in the creation or distribution of product known as Safari Hide & Seek, and (b) 2011 from the packaging on the product distributed by Fundex, and the promotional video described in paragraph 42 of the Second Amended Complaint, Plaintiff never bothered to contact Smart or Vandoren, send a cease and desist letter to Smart or Vandoren, or to otherwise take any action vis-à-vis Smart or Vandoren in connection with the protection of its rights. Indeed, Plaintiff took no such action prior to filing a complaint in the third quarter of 2012.

3.      The mark asserted by Plaintiff have become generic in application, describing an entire category or genus of product.

4.      Smart and Vandoren assert the defense of established use/common law trademark. Smart first used the moniker Safari Hide & Seek in the fall of 2004, when it took the product to distributors in Alexandria and Grand Rapids. At that time, exclusive distribution rights for the product in the United States were offered. The product bearing the moniker Safari Hide & Seek was displayed at the International Toy Show in New York in February, 2005, and has been displayed consistently since that time and offered for sale throughout the United States and via the internet.

4322184

5.    Plaintiff has suffered no compensable injury and, in the alternative in the unlikely event Plaintiff can prove compensable injury, any compensable injury was not caused by any actions or inactions of Smart and Vandoren.

6.    Plaintiff has failed to mitigate its damages in the unlikely event Plaintiff can prove compensable injury.

SHUMAKER, LOOP & KENDRICK, LLP
Post Office Box 49948
Sarasota, Florida 34230-6948
941-364-2738/941-366-3999 (Fax)
*Attorneys for Smart N.V. and Rolf Vandoren*
Douglas A. Cherry
Florida Bar No. 0333130
dcherry@slk-law.com

Steven P. Blonder
MUCH SHELIST, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2402/312- 521-2100 (Fax)
*Attorneys for Smart N.V. and Rolf Vandoren*

By: /s/ Steven P. Blonder
        Steven P. Blonder
        Illinois Bar No.: 6215773
        sblonder@muchshelist.com

4322184

## CERTIFICATE OF SERVICE

I, Steven P. Blonder, an attorney, certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of the Court for the Middle District of Florida using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: **DEFENDANTS SMART N.V. AND ROLF VANDOREN'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES.**

/s/ Steven P. Blonder

11

4322184